# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

———————————————————————X

EVA CRON,

               Plaintiff,

     -against-

ANDREA LITTLETON, M.D., JEAN-CHARLES SASHENKA,
M.D., SUSHIL K. DHAWAN, M.D., D.P.M., ELLENVILLE
REGIONAL HOSPITAL FOUNDATION, INC. D/B/A
ELLENVILLE REGIONAL HOSPITAL, MIDDLETOWN
MEDICAL, P.C., JOHN S. JULIANO, M.D. and
CRYSTAL RUN HEALTHCARE, L.L.P.,

               Defendants.

———————————————————————X

**Index No.:**

**Summons**
Plaintiffs designate Orange
County as the place of trial.
Plaintiff's residence is Warwick,
New York.

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiffs' attorney within 20 days after the service of this summons exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  Valhalla, New York
         July 6, 2016

                     *Edgar P. Campbell*
                     EDGAR P. CAMPBELL, ESQ.
                     Attorney for Plaintiffs
                     2 Madison Avenue
                     Valhalla, New York 10595
                     (914) 948-7700

**Defendants' Addresses:**

ANDREA LITTLETON, M.D.,
10 Healthy Way
Ellenville, NY 12428

JEAN-CHARLES SASHENKA, M.D.
10 Healthy Way
Ellenville, NY 12428

SUSHIL K. DHAWAN, M.D., D.P.M.
111 Maltese Dr.
Middletown, NY 10940

ELLENVILLE REGIONAL HOSPITAL
10 Healthy Way
Ellenville, NY 12428

MIDDLETOWN MEDICAL, P.C.
111 Maltese Dr.
Middletown, NY 10940

JOHN S. JULIANO, M.D.
155 Crystal Run Road,
Middletown, NY 10941

CRYSTAL RUN HEALTHCARE, L.L.P.
155 Crystal Run Road,
Middletown, NY 10941

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

_____X

EVA CRON,

        Plaintiff,                        Index No.:

      -against-                    **Verified Complaint**

ANDREA LITTLETON, M.D., JEAN-CHARLES SASHENKA,
M.D., SUSHIL K. DHAWAN, M.D., D.P.M., ELLENVILLE
REGIONAL HOSPITAL FOUNDATION, INC. D/B/A
ELLENVILLE REGIONAL HOSPITAL, MIDDLETOWN
MEDICAL, P.C., JOHN S. JULIANO, M.D. and
CRYSTAL RUN HEALTHCARE, L.L.P.,

        Defendants.

_____X

    Plaintiff, by her attorney, EDGAR P. CAMPBELL, ESQ., complaining of the defendants,

sets forth as follows, upon information and belief:

    1.  Plaintiff, EVA CRON, is and at all relevant times was a resident of Orange County,

State of New York.

    2.  Defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE

REGIONAL HOSPITAL is and at all relevant times was a domestic, not-for-profit corporation

organized and existing pursuant to and by virtue of the laws of the State of New York.

    3.  At all relevant times, defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION,

INC. D/B/A ELLENVILLE REGIONAL HOSPITAL held itself out as a health care facility, authorized,

competent and equipped to diagnose, treat and care for persons presenting thereat in need of

medical attention.

    4.  At all relevant times, defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION,

INC. D/B/A ELLENVILLE REGIONAL HOSPITAL employed nurses, aides, physicians, podiatrists,

hospitalists, physician assistants, social workers, therapists and others.

    5.  At all relevant times, defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION,

1

INC. D/B/A ELLENVILLE REGIONAL HOSPITAL was and is located at 10 Healthy Way, Ellenville, New York.

6.   At all relevant times, defendant ANDREA LITTLETON, M.D. was a physician licensed to practice medicine in the State of New York.

7.   At all relevant times, defendant, ANDREA LITTLETON, M.D. held herself out as a specialist in Family Medicine.

8.   At all relevant times, defendant ANDREA LITTLETON, M.D. was employed by defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

9.   At all relevant times, defendant ANDREA LITTLETON, M.D. was an agent of defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

10.  At all relevant times, defendant ANDREA LITTLETON, M.D. was an officer of defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

11.  At all relevant times, defendant, ANDREA LITTELTON, M.D. had admitting privileges at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL

12.  At all relevant times, defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL was vicariously liable for the negligence, carelessness, recklessness and medical malpractice of defendant, ANDREA LITTLETON, M.D.

13.  At all relevant times, defendant JEAN-CHARLES SASHENKA, M.D. was a physician licensed to practice medicine in the State of New York.

14.  At all relevant times, defendant, JEAN-CHARLES SASHENKA, M.D. held herself out as

2

a specialist in Family Medicine.

15. At all relevant times, defendant JEAN-CHARLES SASHENKA, M.D. was employed by defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

16. At all relevant times, defendant JEAN-CHARLES SASHENKA, M.D. was an agent of defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

17. At all relevant times, defendant JEAN-CHARLES SASHENKA, M.D. was an officer of defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

18. At all relevant times, defendant, JEAN-CHARLES SASHENKA M.D. had admitting privileges at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

19. At all relevant times, defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL was vicariously liable for the negligence, carelessness, recklessness and medical malpractice of defendant, JEAN-CHARLES SASHENKA, M.D.

20. At all relevant times, defendant, SUSHIL K. DHAWAN, M.D., D.P.M. was a podiatrist licensed to practice podiatric medicine in the State of New York.

21. At all relevant times, defendant, SUSHIL K. DHAWAN, M.D., D.P.M. was a physician licensed to practice medicine in the State of New York.

22. At all relevant times, defendant SUSHIL DHAWAN, M.D., D.P.M. held himself out as a specialist in the field of wound care.

23. At all relevant times, defendant SUSHIL K. DHAWAN, M.D., D.P.M. held himself out

3

as a specialist in the field of infectious diseases.

24. At all relevant times, defendant SUSHIL K. DHAWAN, M.D., D.P.M. held himself out as a specialist in the field of orthopedic surgery.

25. At all relevant times, defendant SUSHIL K. DHAWAN, M.D., D.P.M. was an employee of defendant ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

26. At all relevant times, defendant SUSHIL K. DHAWAN, M.D., D.P.M. was an agent of defendant ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

27. At all relevant times, defendant SUSHIL K. DHAWAN, M.D., D.P.M. was an officer of defendant ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

28. At all relevant times, defendant SUSHIL K. DHAWAN, M.D., D.P.M. had admitting privileges at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

29. At all relevant times, defendant, MIDDLETOWN MEDICAL, P.C. was a domestic, professional corporation organized and existing pursuant to and by virtue of the laws of the State of New York.

30. At all relevant times, defendant, MIDDLETOWN MEDICAL, P.C. was located at 111 Maltese Drive, Middletown, County of Orange, State of New York.

31. At all relevant times, defendant, SUSHIL K. DHAWAN, M.D., D.P.M., was an employee of defendant, MIDDLETOWN MEDICAL, P.C.

32. At all relevant times, defendant, SUSHIL K. DHAWAN, M.D., D.P.M., was an agent of defendant, MIDDLETOWN MEDICAL, P.C.

4

33. At all relevant times, defendant, SUSHIL K. DHAWAN, M.D., D.P.M., was an officer of defendant, MIDDLETOWN MEDICAL, P.C.

34. At all relevant times, defendant, MIDDLETOWN MEDICAL, P.C. held itself out as a health care facility, authorized, competent and equipped to diagnose, treat and care for persons presenting thereat in need of medical care.

35. At all relevant times, defendant, MIDDLETOWN MEDICAL, P.C. employed nurses, aides, physicians, podiatrists, hospitalists, physician assistants, social workers, therapists and others.

36. At all relevant times, defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL was vicariously liable for the negligence, carelessness, recklessness and medical and/or podiatric malpractice of defendant, SUSHIL K. DHAWAN, M.D., D.P.M.

37. At all relevant times, defendant, MIDDLETOWN MEDICAL, P.C. was vicariously liable for the negligence, carelessness, recklessness and medical and/or podiatric malpractice of defendant, SUSHIL K. DHAWAN, M.D., D.P.M.

38. At all relevant times, defendant, JOHN S. JULIANO, M.D. was a physician licensed to practice medicine in the State of New York.

39. At all relevant times, defendant, JOHN S. JULIANO, M.D. practiced medicine at defendant, CRYSTAL RUN HEALTH CARE, L.L.P.

40. At all relevant times, defendant, JOHN S. JULIANO, M.D. practiced medicine at offices located at 79 Ronald Regan Boulevard, Warwick, County of Orange, State of New York.

41. At all relevant times, defendant, JOHN S. JULIANO, M.D. held himself out as a specialist in the field of orthopedic surgery.

42. At all relevant times, defendant, JOHN S. JULIANO, M.D. held himself out as a

5

specialist in the field of infectious diseases.

43. At all relevant times, defendant, JOHN S. JULIANO, M.D. was an employee of defendant, CRYSTAL RUN HEALTH CARE, L.L.P.

44. At all relevant times, defendant, JOHN S. JULIANO, M.D. was an agent of defendant, CRYSTAL RUN HEALTH CARE, L.L.P.

45. At all relevant times, defendant, JOHN S. JULIANO, M.D. was an officer of defendant, CRYSTAL RUN HEALTH CARE, L.L.P.

46. At all relevant times, defendant, CRYSTAL RUN HEALTH CARE, L.L.P. was vicariously liable for the negligence, carelessness, recklessness and medical malpractice of defendant, JOHN S. JULIANO, M.D.

47. At all relevant times, defendant, CRYSTAL RUN HEALTH CARE. L.L.P. was and is a domestic, registered limited liability partnership.

48. At all relevant times, defendant, CRYSTAL RUN HEALTH CARE, L.L.P. had facilities a and offices located at 155 Crystal Run Road, Middletown, County of Orange, State of New York.

49. At all relevant times, defendant, CRYSTAL RUN HEALTH CARE, L.L.P. held itself out as authorized, competent and equipped to diagnose, treat and care for persons presenting thereat in need of medical care.

50. At all relevant times, defendant, CRYSTAL RUN HEALTH CARE, L.L.P. employed nurses, aides, physicians, physician assistants, and others.

51. On or about October 12, 2014, plaintiff, EVA CRON sustained injuries in an automobile accident.

52. On or about October 13, 2014, plaintiff, EVA CRON underwent open reduction and internal fixation of a right acetabular fracture at Westchester Medical Center in Valhalla, New York.

6

53. On or about October 24, 2014, plaintiff, EVA CRON was discharged from Westchester Medical Center.

54. On or about October 24, 2014, plaintiff, EVA CRON was admitted to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL for sub-acute rehabilitation and other medical and rehabilitative services.

55. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON was without any clinical indicia of infection.

56. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON had clinical indicia of infection.

57. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON's acetabular fracture was intact and her fixation hardware was intact.

58. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, the internal fixation of plaintiff, EVA CRON's right hemi-pelvis was in anatomic alignment.

59. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON was without any erythema in the area of her surgical incision.

60. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON had erythema in the area of her surgical incision.

61. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL

7

FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON was without any ecchymosis in the area of her surgical incision.

62. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON had ecchymosis in the area of her surgical incision.

63. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON was without any laboratory evidence of c-difficile.

64. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON was without any discoloration in the area of her surgical incision.

65. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON had discoloration in the area of her surgical incision.

66. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON was without any areas of wound dehiscence in the area of her surgical incision.

67. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON had areas of wound dehiscence in the area of her surgical incision.

68. At the time of her admission to defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL on or about October 24, 2014, plaintiff, EVA CRON was without any laboratory evidence of c-difficile.

8

69. Plaintiff, EVA CRON underwent physical therapy and sub-acute rehabilitation on an in-patient basis at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL from October 24, 2014 to November 25, 2014.

70. On October 25, 2014, plaintiff, EVA CRON had a recorded white blood count of 11.2.

71. On October 25, 2014, defendant, ANDREA LITTLETON, M.D. examined and/or evaluated plaintiff, EVA CRON at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

72. On October 25, 2014, approximately 45 staples were removed from plaintiff, EVA CRON's surgical incision in her right hip/gluteal region by defendant, ANDREA LITTLETON, M.D. at defendant ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

73. On October 25, 2014, defendant, ANDREA LITTLETON, M.D. observed yellowish dry discharge and/or drainage emanating from plaintiff's surgical incision.

74. On October 25, 2014, a sample of the discharge and/or drainage emanating from plaintiff's surgical incision was sent for culturing and/or pathological analysis.

75. On or about October 29, 2014, discharge and/or drainage was continuing to emanate from plaintiff's surgical incision.

76. The discharge and/or drainage sample collected on October 25, 2014, grew out, *inter alia*, Proteus.

77. On or about October 29, 2014, defendant, ANDREA LITTLETON, M.D. examined and/or evaluated plaintiff, EVA CRON at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

78. On or about October 29, 2014, defendant, ANDREA LITTLETON, M.D. observed continuing discharge and/or drainage emanating from plaintiff's surgical incision.

9

79. On or about October 29, 2014, defendant, ANDREA LITTLETON, M.D. prescribed Cipro 500 mg. bid, for plaintiff, EVA CRON.

80. On or about November 3, 2014, plaintiff, EVA CRON, was examined and/or evaluated by defendant JEAN-CHARLES SASHENKA, M.D. at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

81. On or about November 3, 2014, defendant, JEAN-CHARLES SASHENKA, M.D. observed areas of yellowish skin discoloration in the center and distal areas of plaintiff's surgical incision.

82. On or about November 3, 2014, defendant, JEAN-CHARLES SASHENKA, M.D. observed erythema of the plaintiff's skin located anteriorly to her surgical incision.

83. On or about November 3, 2014, defendant, JEAN-CHARLES SASHENKA, M.D. observed discharge and/or drainage emanating from the center area of plaintiff's surgical incision.

84. On or about November 3, 2014, , a sample of the discharge and/or drainage emanating from plaintiff's surgical incision was sent for culturing and/or pathological analysis by defendant, JEAN-CHARLES SASHENKA, M.D.

85. On or about November 3, 2014, defendant, JEAN-CHARLES SASHENKA, M.D. was aware that a previous culture of the discharge and/or drainage emanating from plaintiff's surgical incision  grew out enterococcus susceptible to vancomycin.

86. On or about November 8, 2014, defendant, JEAN-CHARLES SASHENKA, M.D. examined and/or evaluated plaintiff, EVA CRON at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

87. On or about November 8 2014, defendant, JEAN-CHARLES SASHENKA, M.D. observed new areas of moisture in the proximal third portion of plaintiff's surgical incision.

10

88. On or about November 8, 2014, defendant, JEAN-CHARLES SASHENKA, M.D. expressed concern about possible dehiscence of the distal portion of plaintiff's surgical incision.

89. On or about November 8, 2014, defendant, JEAN-CHARLES, M.D. diagnosed delayed healing of plaintiff's surgical incision.

90. On or about November 8, 2014, defendant, JEAN-CHARLES SASHENKA, M.D. determined that plaintiff, EVA CRON was in need of a competent and qualified wound care specialist.

91. On or about November 8, 2014, defendant, JEAN-CHARLES SASHENKA, M.D. determined that plaintiff, EVA CRON was in need of a competent and qualified general surgeon.

92. On or about November 13, 2014, sutures were removed from plaintiff's surgical incision at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

93. On or about November 14, 2014, plaintiff, EVA CRON was examined and/or evaluated by defendant, SUSHIL K. DHAWAN, M.D., D.P.M. at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

94. On or about November 14, 2014, plaintiff, EVA CRON presented to defendant, SUSHIL K. DHAWAN, M.D., D.P.M.  with clinical indicia of cellulitis.

95. On or about November 14, 2014, defendant, SUSHIL K. DHAWAN, M.D., D.P.M. diagnosed plaintiff, EVA CRON as having possible cellulitis in her right gluteal region at the surgical incision site.

96. On or about November 14, 2014, defendant, SUSHIL K. DHAWAN, M.D., D.P.M. prescribed for plaintiff, EVA CRON, Keflex 500 mg one p.o. q 6h for 10 days.

97. On or about November 14, 2014, defendant, SUSHIL K. DHAWAN, M.D., D.P.M. determined that plaintiff's range of motion of her right hip was painful.

11

98. On or about November 20, 2014, plaintiff, EVA CRON was examined and/or evaluated by defendant, SUSHIL K. DHAWAN, M.D., D.P.M. at defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

99. On or about November 25, 2014, Plaintiff, EVA CRON was discharged from ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

100.    Subsequent to her discharge from defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL, plaintiff, EVA CRON was informed by an employee of defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL that, during her hospital stay, she had contracted c-difficile.

101.    Subsequent to her discharge from defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL, plaintiff, EVA CRON was prescribed Flaygl by an employee of defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL.

102.    On or about December 8, 2014, plaintiff was examined and/or evaluated by Defendant, JOHN S. JULIANO, M.D. at the offices of defendant, CRYSTAL RUN HEALTH CARE, L.L.P.

103.    Plaintiff, EVA CRON, remained under the continuous care and treatment of defendant, JOHN S. JULIANO, M.D. from on or about December 8, 2014 to on or about April 2, 2015 for her right hip/hemi-pelvis injury and its sequella.

104.    Defendant ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL had a duty to exercise that degree of care and skill that is generally recognized in the medical community for hospitals and/or health care facilities and said defendant was careless and negligent in failing to carry out that duty which failure caused

12

and/or contributed to the progressive injuries and disabilities, pain and suffering endured by plaintiff, EVA CRON.

105.    Defendant, ANDREA LITTLETON, M.D. had a duty to exercise that degree of care and skill that is generally recognized in the medical community for physicians and physicians specializing in Family Practice and said defendant was careless and negligent in failing to carry out that duty which failure caused and/or contributed to the progressive injuries and disabilities, pain and suffering endured by plaintiff, EVA CRON.

106.    Defendant, JEAN-CHARLES SASHENKA, M.D. had a duty to exercise that degree of care and skill that is generally recognized in the medical community for physicians and physicians specializing in Family Practice and said defendant was careless and negligent in failing to carry out that duty which failure caused and/or contributed to the progressive injuries and disabilities, pain and suffering endured by plaintiff, EVA CRON.

107.    Defendant, JSUSHIL K. DHAWAN, M.D., D.P.M.  had a duty to exercise that degree of care and skill that is generally recognized in the medical community for physicians and physicians specializing in orthopedic surgery and wound care and infectious diseases and of podiatrists and podiatrists specializing in wound care and said defendant was careless and negligent in failing to carry out that duty which failure caused and/or contributed to the progressive injuries and disabilities, pain and suffering endured by plaintiff, EVA CRON

108.    Defendant MIDDLETOWN MEDICAL, P.C. had a duty to exercise that degree of care and skill that is generally recognized in the medical community for hospitals and/or health care facilities and said defendant was careless and negligent in failing to carry out that duty which failure caused and/or contributed to the progressive injuries and disabilities, pain and suffering endured by plaintiff, EVA CRON.

109.    Defendant, JOHN S. JULIANO, M.D. had a duty to exercise that degree of

13

care and skill that is generally recognized in the medical community for physicians and physicians specializing in Orthopedic Surgery and said defendant was careless and negligent in failing to carry out that duty which failure caused and/or contributed to the progressive injuries and disabilities, pain and suffering endured by plaintiff, EVA CRON.

110.    Defendant CRYSTAL RUN HEALTH CARE, L.L.P. had a duty to exercise that degree of care and skill that is generally recognized in the medical community for hospitals and/or health care facilities and said defendant was careless and negligent in failing to carry out that duty which failure caused and/or contributed to the progressive injuries and disabilities, pain and suffering endured by plaintiff, EVA CRON.

111.    The negligence, carelessness, recklessness and medical malpractice of defendant ANDREA LITTLETON, M.D. consisted of, *inter alia*, failure to abide by sterile technique protocols while administering care and treatment to plaintiff; failure to properly treat plaintiff's infection; failure to take necessary and indicated precautions to avoid the introduction of infection to plaintiff's surgical wound; failure to take necessary and indicated precautions to prevent the spread and/or progression of an infectious process in plaintiff's surgical incision; failure to timely involve physicians of different disciplines to address the infectious process ongoing in the area of plaintiff's surgical wound; failure to timely seek and secure the consultation of a competent and qualified wound specialist for plaintiff; failure to timely seek and secure the consultation of a competent and qualified infectious disease specialist for plaintiff; failure to timely seek and secure the consultation of a general surgeon for plaintiff; failure to order necessary and appropriate tests and studies to identify and address the ongoing infectious process in the area of plaintiff's surgical incision; failure to appreciate the significance of plaintiff's pain and inability to bear weight on her right lower extremity; failure to appreciate the significance of the whitish rash present in plaintiff's groin folds while under her care and

14

treatment; failure to appreciate the significance of the yellowish discharge/drainage emanating from plaintiff's surgical incision; failure to appreciate the significance of the persistence of the discharge/drainage emanating from plaintiff's surgical wound following the commencement of antibiotic therapy and in being otherwise, negligent, careless and reckless under all of the prevailing facts and circumstances.

112.    The negligence, carelessness, recklessness and medical malpractice of defendant JEAN-CHARLES SASHENKA, M.D. consisted of, *inter alia*, the failure to abide by sterile technique protocols while administering care and treatment to plaintiff; failure to take necessary and indicated precautions to avoid the introduction of infection to plaintiff's surgical wound; failure to take necessary and indicated precautions to prevent the spread and/or progression of an infectious process in plaintiff's surgical incision; failure to properly treat plaintiff's infection; failure to timely involve physicians of different disciplines to address the infectious process ongoing in the area of plaintiff's surgical wound; failure to timely seek and secure the consultation of a competent and qualified wound specialist for plaintiff; failure to timely seek and secure the consultation of a competent and qualified infectious disease specialist for plaintiff; failure to timely seek and secure the consultation of a general surgeon for plaintiff; failure to order necessary and appropriate tests and studies to identify and address the ongoing infectious process in the area of plaintiff's surgical incision; failure to appreciate the significance of plaintiff's pain and inability to bear weight on her right lower extremity; failure to appreciate the significance of the whitish rash present in plaintiff's groin folds while under her care and treatment; failure to appreciate the significance of the yellowish discharge/drainage emanating from plaintiff's surgical incision; failure to appreciate the significance of the persistence of the discharge/drainage emanating from plaintiff's surgical wound following the commencement of antibiotic therapy; failure to appreciate the significance of the developing

15

yellowish discoloration of plaintiff's skin in the center and distal portion of her surgical incision; failure to appreciate the significance of the developing erythema of the plaintiff's skin in the area located anteriorly to her surgical incision; failure to appreciate the significance of discharge/drainage emanating from the center area of the plaintiff's surgical incision; failure to appreciate the significance of the worsening of plaintiff's infection; failing to appreciate the significance of new areas of moisture in the proximal third portion of plaintiff's surgical incision; failing to appreciate the significance of a developing wound dehiscence; failing to appreciate the significance of plaintiff's delayed post-operative healing and in being otherwise, negligent, careless and reckless under all of the prevailing facts and circumstances.

113.    The negligence, carelessness, recklessness and medical malpractice of Defendant, SUSHIL K. DHAWAN, M.D., D.P.M. consisted of, *inter alia,* the failure to abide by sterile technique protocols while administering care and treatment to plaintiff; failure to appreciate the significance of plaintiff's clinical evidence of cellulitis; failure to properly treat plaintiff's infection; failure to rule out cellulitis in plaintiff; failure to adjust plaintiff's antibiotic therapy in view of her inability to tolerate Keflex; failure to adjust plaintiff's antibiotic therapy in view of the fact that she contracted c-difficile while a patient at defendant ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL; failure to appreciate the significance of plaintiff's hip pain; failure to appreciate the significance of plaintiff's delayed post-operative healing; failure to appreciate the significance of plaintiff's inability to bear weight on her right lower extremity; failure to seek and secure a consultation for plaintiff with a competent and qualified infectious disease specialist; failure to seek and secure a consultation for plaintiff with a competent and qualified wound care specialist; failure to order necessary and indicated tests and studies to determine and diagnose plaintiff's true

16

condition; failure to use his best judgment in treating plaintiff and in being otherwise, negligent, careless and reckless under all of the prevailing facts and circumstances.

114.    At all relevant times, Defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL was vicariously liable for the negligence, carelessness, recklessness and medical malpractice of defendants ANDREA LITTLETON, M.D., JEAN-CHARLES SASHENKA, M.D. and SUSHIL K. DHAWAN, M.D., D.P.M. and its agents, officers and employees pursuant to the doctrines of *respondeat superior* and ostensible agency by estoppel.

115.    In addition to its vicarious liability to plaintiff, defendant, ELLENVILLE REGIONAL HOSPITAL FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL was negligent, careless and reckless and committed acts of medical and/or hospital malpractice by virtue of its: failure to promulgate, implement and enforce standard policies, practices and techniques referable to the care and treatment of surgical wounds; failure to promulgate, implement and enforce standard policies, practices and techniques to maintain its premises in clean and safe condition free to the extent practicable of germs, bacteria, viruses and other contaminants;  failure to promulgate and/or enforce standards, rules, regulations, guidelines, practices, policies and protocols pertaining to the diagnosis and treatment of post-operative infections; failure to supervise and/or control its agents, servants and employees including its physicians, hospitalists, nurses, aides and others; negligently hiring and/or retaining agents, servants and/or employees; improperly delaying necessary treatment to plaintiff; failure to properly treat plaintiff's infection; failure to abide by and conform with appropriate standards applicable to domestic professional corporations which provide medical services to the public; failure to promulgate and/or enforce standards, rules, regulations, guidelines, practices, policies and protocols pertaining to accurate record keeping practices; failure to promulgate and/or enforce standards,

17

rules, regulations, guidelines, practices, policies and protocols pertaining to utilization of sterile technique and in being otherwise careless, reckless and negligent under all of the facts and circumstances set forth herein.

116.     At all relevant times, Defendant, MIDDLETOWN MEDICAL, P.C. was vicariously liable for the negligence, carelessness, recklessness and medical malpractice of defendant, SUSHIL K. DHAWAN, M.D., D.P.M., its agents, officers and employees pursuant to the doctrines of *respondeat superior* and ostensible agency by estoppel.

117.     In addition to its vicarious liability to plaintiff, defendant, MIDDLETOWN MEDICAL, P.C. was negligent, careless and reckless and committed acts of medical malpractice by virtue of its: failure to promulgate, implement and enforce standard policies, practices and techniques referable to the care and treatment of surgical wounds; failure to promulgate, implement and enforce standard policies, practices and techniques to maintain its premises in clean and safe condition free to the extent practicable of germs, bacteria, viruses and other contaminants;  failure to promulgate and/or enforce standards, rules, regulations, guidelines, practices, policies and protocols pertaining to the diagnosis and treatment of post-operative infections; failure to supervise and/or control its agents, servants and employees including its physicians, nurses, aides and others; negligently hiring and/or retaining agents, servants and/or employees; improperly delaying necessary treatment to plaintiff; failure to properly treat plaintiff's infection; failure to abide by and conform with appropriate standards applicable to domestic professional corporations which provide medical services to the public; failure to promulgate and/or enforce standards, rules, regulations, guidelines, practices, policies and protocols pertaining to accurate record keeping practices; failure to promulgate and/or enforce standards, rules, regulations, guidelines, practices, policies and protocols pertaining to

18

utilization of sterile technique and in being otherwise careless, reckless and negligent under all of the facts and circumstances set forth herein.

118.    The negligence, carelessness, recklessness and medical malpractice of Defendant, JOHN S. JULIANO,, M.D. consisted of, *inter alia*, failure to abide by sterile technique protocols while administering care and treatment to plaintiff; failure to appreciate the significance of plaintiff's worsening hip pain; failure to appreciate the significance of plaintiff's continuing and worsening inability to bear weight on her right lower extremity; failure to appreciate the significance of plaintiff's worsening night pain; failure to appreciate the significance of plaintiff's radiographic findings; failure to properly treat plaintiff's infection; failure to appreciate the significance of plaintiff's worsening groin pain; failure to appreciate the significance of plaintiff's worsening pelvic pain; failure to appreciate the significance of plaintiff's escalating sharp, shooting, stabbing pain; failure to adequately and properly investigate the cause of plaintiff's complaints and disabilities; failure to appreciate the significance of plaintiff's need to resort to wheel chair mobilization; failure to appreciate the significance of plaintiff's delayed post-operative healing; failure to seek and secure a consultation for plaintiff with a competent and qualified infectious disease specialist; failure to order necessary and indicated tests and studies to determine and diagnose plaintiff's true condition; failure to use his best judgment in treating plaintiff and in being otherwise, negligent, careless and reckless under all of the prevailing facts and circumstances.

119.    At all relevant times, defendant, CRYSTAL RUN HEALTH CARE, L.L.P. was vicariously liable for the negligence, carelessness, recklessness and medical malpractice of defendant, JOHN S. JULIANO, M.D. and its agents, officers and employees pursuant to the doctrines of *respondeat superior* and ostensible agency by estoppel.

120.    In addition to its vicarious liability to plaintiff, defendant, CRYSTAL RUN HEALTH

19

CARE, L.L.P. was negligent, careless and reckless and committed acts of medical malpractice by virtue of its: failure to promulgate, implement and enforce standard policies, practices and techniques referable to the care and treatment of surgical wounds; failure to promulgate, implement and enforce standard policies, practices and techniques to maintain its premises in clean and safe condition free to the extent practicable of germs, bacteria, viruses and other contaminants;  failure to promulgate and/or enforce standards, rules, regulations, guidelines, practices, policies and protocols pertaining to the diagnosis and treatment of post-operative infections; failure to supervise and/or control its agents, servants and employees including its physicians, nurses, aides and others; negligently hiring and/or retaining agents, servants and/or employees; improperly delaying necessary treatment to plaintiff; failure to properly treat plaintiff's infection; failure to abide by and conform with appropriate standards applicable to domestic limited liability partnerships which provide medical services to the public; failure to promulgate and/or enforce standards, rules, regulations, guidelines, practices, policies and protocols pertaining to accurate record keeping practices; failure to promulgate and/or enforce standards, rules, regulations, guidelines, practices, policies and protocols pertaining to utilization of sterile technique and in being otherwise careless, reckless and negligent under all of the facts and circumstances set forth herein.

121.     As a direct and proximate consequence of the aforesaid negligence, carelessness and medical malpractice and/or hospital malpractice of the defendants and each of them, with no negligence whatsoever on the part of plaintiff contributing thereto, plaintiff, EVA CRON was caused to suffer and endure, *inter alia*, the following, injuries, insults, harm, damages, detriments and losses: great pain, limitation of motion, loss of function of her right hip and lower extremity; inability to bear weight on her right lower extremity; flattening of the right femoral head; avascular necrosis of the right hip; pelvic and hemi-pelvic pain; groin pain; sharp,

20

shooting, stabbing pain; need for wheel chair mobilization; lateral subluxation of the right femoral head with concavity of the superior contour; osseous density suspicious for displaced femoral head fragment; capsular calcification; joint body projection inferiorally medially over the right hip joint space; infection-related destruction of the anatomical structures of the right hip; need for performance of complex, protracted surgical procedure; development of large, fluid containing tumor/abscess with mature capsule; approximately 1 liter of fluid was encased in the tumor/abscess; development of necrotic, avascular fat requiring debridement; partially dislocated femoral head; need for excision of femoral head; need for removal of hardware fixation placed during surgery on October 13, 2014 at Westchester Medical Center; need for scar debridement; need for femoral debridement and ream/broaching; replacement of femoral head; need for intensive management of infectious processes; PICC line insertion; difficult post-operative course; need for pain management medications; need for further surgical intervention after aggressive treatment of long-established infectious processes; painful and protracted rehabilitative process; anguish, distress, frustration and debility.

122.    The amount of damages sought upon this cause of action exceeds the jurisdictional limits of all courts of record which would otherwise have jurisdiction except the Supreme Court of the State of New York.

WHEREFORE, plaintiff, EVA CRON demands judgment against the defendants in a sum that exceeds the jurisdictional limits of all courts of record except the Supreme Court of the State of New York together with costs, interest and fees.

Dated:  Valhalla, New York
        July 5, 2016

                              EDGAR P. CAMPBELL, ESQ.
                              Attorney for Plaintiffs
                              2 Madison Avenue
                              Valhalla, New York 10595
                              (914) 948-7700

21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

————————————————————————X

EVA CRON,

        Plaintiff,

      -against-

ANDREA LITTLETON, M.D., JEAN-CHARLES SASHENKA,
M.D., SUSHIL K. DHAWAN, M.D., D.P.M., ELLENVILLE
REGIONAL HOSPITAL FOUNDATION, INC. D/B/A
ELLENVILLE REGIONAL HOSPITAL, MIDDLETOWN
MEDICAL, P.C., JOHN S. JULIANO, M.D. and
CRYSTAL RUN HEALTHCARE, L.L.P.,

        Defendants.

————————————————————————X

Index No.:

**Certificate of Merit**

      Pursuant to CPLR 3012 (a), the undersigned has reviewed the facts of the above action

and has consulted at least one physician concerning said action and has concluded on the basis

of such review that there is a reasonable basis for the commencement of said action.

Dated:  Valhalla, New York
       July 5, 2016

                      *Edgar P. Campbell*

                    Edgar P. Campbell, Esq.
                    Attorney for Plaintiffs
                    2 Madison Avenue
                    Valhalla, New York 10595
                    914-948-7700

23

STATE OF NEW YORK, COUNTY OF WESTCHESTER                              ss:
I, EDGAR P. CAMPBELL, the undersigned, am an attorney admitted to practice in the Courts of New York State, and

☐
**Attorney's
Certification**

certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

☒
**Attorney's
Verification
By
Affirmation**

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
plaintiffs. I have read the annexed SUMMONS & COMPLAINT
know the contents thereof and the same are true to my knowledge, except those matters herein
which are stated to be alleged on information and belief, and as to those matters I believe them to
be true. My belief, as to those matters therein not stated upon knowledge, is based upon the
following: following: Review of the file, investigation and memoranda, correspondence, medical
records, investigation and memoranda, etc. The reason I make this affirmation instead of
Plaintiffs is that I maintain my office for the practice of law in the County other than where
Plaintiffs reside. I affirm that the foregoing statements are true under penalties of perjury.

Dated:   July 7, 2016

_Edgar P Campbell_
EDGAR P. CAMPBELL

STATE OF NEW YORK, COUNTY OF ORANGE                              ss:
, being sworn says: I am the plaintiff in the action herein; I have read the annexed Summons and Complaint.

☐
**Individual
Verification**

I know the contents thereof and the same are true to my knowledge, except those matters therein
which are stated to be alleged on information and belief, and as to those matters I believe them to
be true.

☐
**Corporate
Verification**

a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein
which are stated to be alleged on information and belief, and as to those matters I believe them to
be true.

My belief, as to those matters herein not stated upon knowledge, is based upon the following:

Sworn to before me on

_____
( Print Signer's name below signature)

STATE OF NEW YORK, COUNTY OF WESTCHESTER                              ss:
, being sworn says: I am not a party to the action, am over 18 years of age and reside in
New York. On                              ,              I served a true copy of the annexed              , in the following
manner:

☐
**Served By
Mail**

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official
depository of the U.S. Postal Service within the State of New York, addressed to the last known

☐
**Personal
Service**

by delivering the same personally to the persons and at the addresses indicated below:

Sworn to before me on

_____

_____
Notary Public

Index No.                    Year 2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

EVA CRON,

                                Plaintiff,

      -against-

ANDREA LITTLETON, M.D., JEAN-CHARLES SASHENKA, M.D., SUSHIL K.
DHAWAN, M.D., D.P.M., ELLENVILLE REGIONAL HOSPITAL
FOUNDATION, INC. D/B/A ELLENVILLE REGIONAL HOSPITAL,
MIDDLETOWN MEDICAL, P.C., JOHN S. JULIANO, M.D. and CRYSTAL
RUN HEALTHCARE, L.L.P.,

                                Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

                     SUMMONS AND COMPLAINT

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X


                     **EDGAR P. CAMPBELL**
                       Attorney for Plaintiff
                        2 Madison Avenue
                      Valhalla, New York 10595
                         (914) 948-7700

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X
To:
Attorney(s) for
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X
Service of a copy of the within                     is hereby admitted.

Dated:
                                   _____
                                   Attorney(s) for
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

*PLEASE TAKE NOTICE*

☐            that the within is a (certified) true copy of a
Notice       entered in the office of the clerk of the within named Court on
of Entry

☐            that an Order of which the within is a true copy will be presented for
Notice       settlement to the Hon. _____ one of the judges of the within named Court,
Settlement   on _____ 20____ , at ____ M.

Dated:

                                   **EDGAR P. CAMPBELL**
                                   Attorney for Plaintiff
                                   2 Madison Avenue
                                   Valhalla, New York 10595
                                   (914) 948-7700